IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AVEN CAWLEY, | ) | CASE NO. 1:12 CV 47 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Aven Cawley, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Cawley had severe impairments consisting of affective disorder and degenerative disc disease, fibromyalgia, sleep apnea, and migraines.[1] The ALJ made the following finding regarding Cawley's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except Claimant can lift and carry 5 pounds occasionally and less than 2 pounds frequently. She can sit for 1.5 hours with a sit/stand option. She can be on her feet only occasionally and

---

[1] Transcript ("Tr.") at 14.

sit for approximately 6 hours in an 8 hour workday. Claimant can never stoop, crawl, kneel or bend. Claimant is able to perform simple routine tasks in a relatively static work environment.[2]

Given that RFC, the ALJ found Cawley incapable of performing her past relevant work.[3]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Cawley could perform.[4] The ALJ, therefore, found Cawley not under a disability.

Cawley asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.

I conclude that the ALJ's analysis of Cawley's credibility does not adequately address the factors set out in the applicable regulation and, therefore, does not have the support of substantial evidence. The case, therefore, must be remanded for reconsideration of that finding.

## Analysis

This is essentially a pain case. Cawley suffers from several herniated discs in her back with a history of a lumbar laminectomy, post-gastric bypass surgery, and a diagnosis of fibromyalgia.

---

[2] *Id.* at 16-17.

[3] *Id.* at 22.

[4] *Id.*

The ALJ found degenerative disc disease and fibromyalgia as severe impairments, among others,[5] and adopted an extremely restrictive residual functional capacity to perform sedentary work with additional exertional, postural, and mental limitations.[6] Cawley's core argument here is that the pain she experiences renders her totally disabled in that she cannot consistently do work at the limited functional capacity indicated by the RFC finding and has difficulty completing a normal workday.

Cawley challenges both the ALJ's step two and step four findings. At step two she maintains that the ALJ should have found as a severe impairment orthostatic hypotension, a condition that results in lightheadedness and possible fainting caused by low blood pressure. At step four Cawley argues that the RFC finding should have contained additional limitations for an ability to complete the workday. Further, Cawley takes issue with the ALJ's handling of the opinion of Dr. Baum, a treating source, and the ALJ's credibility finding.

As indicated in my comments to counsel at the oral argument, this case boils down to whether or not substantial evidence supports the ALJ's credibility finding. In adopting the restrictive RFC finding, the ALJ discounted Cawley's allegations that her pain was so severe that she was unable to work.[7] In doing so, he makes numerous references to her pain being

---

[5] *Id.* at 14.

[6] *Id.* at 16-17.

[7] *Id.* at 17.

inconsistent with the objective medical findings.[8] Of particular interest in this regard is the observation of Dr. Devereaux, a treating neurologist from University Hospitals, who observed that Cawley is incapacitated by her pain, and the pain has a significant psychological component that cannot be addressed by a procedural approach.[9]

The ALJ properly evaluated the objective medical evidence and properly handled and weighed the opinion of Dr. Baum. As noted by the ALJ,[10] Dr. Baum's two-page assessment[11] contains cursory explanations and no detail. My review of the treatment notes from Dr. Baum in the file[12] do not support the exertional limitations contained in his assessment.

Credibility, however, is another matter. As set forth in my opinions in *Wines v. Commissioner*[13] and *Cross v. Commissioner*,[14] objective medical evidence is important in evaluating credibility. The regulations recognize, however, that a claimant's subjective complaints of pain may be indicative of a severity of impairment not susceptible to proof by objective medical evidence.[15] In such instances, the ALJ must go beyond the objective

---

[8] *Id.* at 81-20, 21.

[9] *Id.* at 43.

[10] *Id.* at 20.

[11] *Id.* at 934-35.

[12] *Id.* at 936-51.

[13] *Wines v. Comm'r of Soc. Sec.*, 268 F. Supp. 2d 954 (N.D. Ohio 2003).

[14] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724 (N.D. Ohio 2005).

[15] *Cross*, 373 F. Supp. 2d at 732.

medical evidence and examine other indicia identified in the regulation.[16] In doing so, the ALJ must adequately articulate the reasons for any discounting of credibility in a way that provides for meaningful judicial review.[17]

Here, although the ALJ at various points touches on the factors set out in the regulations for evaluating subjective complaints of pain beyond objective medical evidence, his articulation leaves much to be desired. There is little or no discussion of Cawley's daily activities, her medications, the side effects of those medications, and of other therapies tried to relieve the pain.

Accordingly, this case will be remanded with directions to reconsider the credibility finding and properly articulate with respect to reasons given for the credibility finding made. If the ALJ finds that Cawley's complaints should receive greater credibility, then perhaps this would require a reconsideration of some of the treating physicians' opinions. Although Dr. Devereaux is a treating physician, he is not identified as such, and no weight is given to his opinions.[18] He make diagnoses and opines as to the severity of various impairments.[19] This potentially qualifies for controlling weight and consideration in the disability decision.[20]

---

[16] *Id.* at 732-33, citing 20 C.F.R. § 404.1529.

[17] *Id.* at 733.

[18] Tr. at 19, 21.

[19] *Id.* at 476-99.

[20] *See*, *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010).

## Conclusion

Substantial evidence does not support the finding of the Commissioner that Cawley had no disability. Accordingly, the decision of the Commissioner denying Cawley disability insurance benefits and supplemental security income is reversed and the case remanded for reconsideration of the finding as to Cawley's credibility.

For purposes of any potential application for attorney's fees under the Equal Access to Justice Act,[21] the Court concludes that the position of the Commissioner was substantially justified.

IT IS SO ORDERED.

Dated: January 4, 2013                    s/ William H. Baughman, Jr.
                                          United States Magistrate Judge

---

[21] 28 U.S.C. § 2412(d)(1)(A).